IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2012 SEP 25 PM 3:04
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) U.S. DRY CLEANING SERVICES ) CORPORATION d/b/a TUCHMAN ) CLEANERS, ) ) Defendant. ) ) | COMPLAINT and JURY TRIAL DEMAND  1:12-cv-1376 JMS-TAB |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Brisco Palmer who was adversely affected by such practices as described in the "Statement of Claims" and paragraph 8 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, U.S. Dry Cleaning Services Corporation d/b/a Tuchman Cleaners ("Employer" or "Defendant"), a Delaware corporation, has continuously been doing business in the State of Indiana and the City of Zionsville, Indiana and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Brisco Palmer filed a charge with the Commission alleging violations of Title VII by Defendant employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about August 2010 and continuing through about June 2011, Defendant engaged in unlawful employment practices at its Tuchman Cleaners facility located at 1201 West Oak Street, Zionsville, Indiana, 46077 (hereinafter "Zionsville Tuchman Cleaners") in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

8. Specifically, and as detailed in paragraphs (a) through (g) below, Defendant refused to promote Mr. Palmer to the position of Assistant Manager at the Zionsville Tuchman Cleaners because of his race, African American.

   a. In 2010, Mr. Palmer was employed as a presser at the Zionsville Tuchman Cleaners.

   b. At all times relevant, Mr. Palmer was qualified for the position of Assistant Manager at the Zionsville Tuchman Cleaners. Between May 2010 and October or November 2010, the Assistant Manager Position at the Zionsville Tuchman Cleaners was vacant.

   c. Beginning in May 2010, Mr. Palmer sought and was promised the Assistant Manager Position at issue. During the summer of 2010, Mr. Palmer received training for the position. In or around September 2010, Mr. Palmer began to perform successfully Assistant Manager duties at the Zionsville Tuchman Cleaners; however, at no time in 2010 was Mr. Palmer ever promoted to Assistant Manager or paid at the Assistant Manager rate.

   d. In or around October or November 2010, a white employee was placed into the position of Assistant Manager at the Zionsville Tuchman Cleaners.

   e. The white Assistant Manager quit in April 2011; therefore, in April 2011, the Assistant Manager position at the Zionsville Tuchman Cleaners was again vacant.

   f. In or around April or May 2011, Mr. Palmer again sought to be promoted to the vacant Assistant Manager position.

      g. Defendant did not promote Mr. Palmer to the Assistant Manager position in either April or May 2011 but promoted him in June 2011, after he filed his charge of discrimination with the EEOC

9. The effect of the practices complained of in paragraph 8 above has been to deprive Mr. Palmer of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race, African American.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 8 above were done with malice or with reckless indifference to the federally protected rights of Mr. Palmer.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in race discrimination.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans including Mr. Palmer, and which eradicate the effects of its past unlawful employment practices.

C.     Order Defendant to make whole Mr. Palmer, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Mr. Palmer, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above in amounts to be determined at trial.

E. Order Defendant to make whole Mr. Palmer by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above in amounts to be determined at trial.

F. Order Defendant to pay Mr. Palmer punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

_____
LAURIE A. YOUNG, #11480-49
Regional Attorney

_____
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

_____
AARIKA D. MACK-BROWN
Trial Attorney, #25006-49
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN  46204
(317) 226-7228
Fax: (317) 226-5571
Aarika.Mack-Brown@eeoc.gov