UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) ) | No. 1:12-cv-01376-JMS-TAB |
| U.S. DRY CLEANING SERVICES CORPORATION doing business as TUCHMAN CLEANERS, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND**

Defendant U.S. Dry Cleaning Services Corporation recently made a startling discovery. Contrary to his sworn deposition testimony and his employment application, charging party Brisco Palmer has an extensive criminal history. Defendant first learned about this from a July 21, 2014, criminal background check conducted as part of its trial preparation. The following day Defendant filed a motion for leave to amend its answer and affirmative defenses [Filing No. 74] to add an after-acquired evidence affirmative defense. The Equal Employment Opportunity Commission objects to the motion on the grounds it is untimely and futile. [Filing No. 95]. The Court overrules the EEOC's timeliness objection, but agrees that the proposed amendment would be futile and therefore denies Defendant's motion.

As for timeliness, the EEOC contends that the motion comes more than a year after the deadline for leave to amend. This is undoubtedly true, but it is likewise true that Defendant filed the instant motion the day after learning of Palmer's apparent deception. While Defendant could have done a background check sooner, it was not unreasonable for Defendant to wait to expend

1

the time and resources until trial was imminent. With a September 8 trial date looming, Defendant conducted a criminal background check July 21. That seems reasonable enough. Moreover, the EEOC's claims of surprise and prejudice ring hollow given that it has had ample opportunity to interview Palmer and carefully explore his criminal background.

As for futility, the EEOC relies on *McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352 (1995), for the proposition that Palmer's apparent perjured deposition testimony and falsified employment application do not support an after-acquired evidence defense. Defendant promoted Palmer on June 15, 2011, and the EEOC is seeking backpay only for alleged discrimination in failing to promote Palmer *prior* to that date. Because Defendant discovered the basis for an after-acquired evidence defense in July 2014—long after Defendant promoted Palmer in 2011—the EEOC argues that *McKennon* makes Palmer's alleged deceit irrelevant.

The issue in *McKennon* was whether an employee discharged in violation of the Age Discrimination in Employment Act is barred from recovering any relief when, after discharge, the employer discovers evidence of wrongdoing that would have led to the employee's termination on lawful grounds. The Supreme Court held that in general such an employee would be barred from front pay and reinstatement, but due to the remedial purposes of anti-discrimination law the employee would still be able to recover backpay. *McKennon*, 513 U.S. at 361-62. "The proper measure of backpay," wrote Justice Kennedy for a unanimous Court, "presents a more difficult problem." *Id.* at 362.

That problem presents itself in the case at bar, though somewhat differently than in *McKennon*. In *McKennon*, the employer learned of the wrongful acts of plaintiff during her deposition. The question then was whether these wrongful acts—removing and copying

2

confidential company documents and showing them to her husband—would preclude relief entirely, or if not, what relief might be available. The plaintiff in *McKennon* had been terminated allegedly due to her age and sought an award of backpay dating back to her date of termination.

In contrast, in the case at bar on June 15, 2011, charging party Palmer received the promotion that he claims Defendant denied him previously due to his race. Defendant subsequently terminated Palmer in August 2012 for alleged time card falsification. That termination is not at issue. Defendant discovered the apparently false deposition testimony and false representation on Palmer's employment application in July 2014, more than three years after his promotion and nearly two years after his termination. The parties have stipulated that only $1,062.03 in backpay is at issue in this case [Filing No. 84, at ECF p. 1], though the EEOC seeks other damages.

In considering what damages may be recoverable in *McKennon*, Justice Kennedy wrote, "The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered. In determining the appropriate order for relief, the court can consider taking into account extraordinary equitable circumstances that affect the legitimate interests of either party." *Id.* at 362.

Applying this logic to the instant case, the Court agrees with the EEOC that the after-acquired evidence defense would be futile. The beginning point for the backpay calculation Justice Kennedy outlined in *McKennon* does not fit here because Palmer's June 2011 promotion cut off backpay well before Defendant first learned of the defense in July 2014. Rather, the period of backpay would only include the time period prior to June 15, 2011, when Plaintiff

allegedly should have received the promotion but for the claimed discrimination. Palmer was then fired in August 2012 and almost another two years passed before Defendant learned of Palmer's alleged misrepresentation on his application and that his deposition contained misstatements. The foregoing facts do not create "extraordinary equitable circumstances" to permit Defendant to cut and paste an after-acquired evidence defense here. *Id.* The defense would be futile.

Nevertheless, this does not mean that the evidence at the heart of this dispute is irrelevant and that the jury will be precluded from hearing what Defendant claims is Palmer's "record of deceiving his former employer and lying under oath." [Filing No. 106, at ECF p. 1.] It only means that Defendant cannot avail itself to the after-acquired evidence defense. A hotly disputed motion in limine pends [Filing No. 93, Filing No. 106] that will help determine the extent to which such evidence is admissible, irrespective of the after-acquired evidence defense. Those issues are not before the undersigned and are not addressed in this order, which concludes only that Defendant's motion for leave to amend [Filing No. 74] is denied.

Distribution:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Mark J. Plantan
DELANEY & DELANEY LLC
mplantan@delaneylaw.net

Jo Ann Farnsworth
EEOC
joann.farnsworth@eeoc.gov

Aarika D. Mack-Brown
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
aarika.mack-brown@eeoc.gov

Laurie A. Young
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
legal.station@eeoc.gov

Michelle Eisele
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
michelle.eisele@eeoc.gov